**Kareem Lamar BROWN,
Plaintiff—Appellant,**

v.

**J. KAVANAUGH, Lt.; M. Garcia,
Officer, Defendants—
Appellees.**

**No. 09–16310.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 10, 2010.*

Filed Aug. 26, 2010.

Kareem Lamar Brown, Imperial, CA,
pro se.

Before: HAWKINS, McKEOWN, and
IKUTA, Circuit Judges.

MEMORANDUM **

Kareem Lamar Brown, a California
state prisoner, appeals pro se from the
district court's judgment dismissing under
the screening provisions of 28 U.S.C.
§ 1915(e) his 42 U.S.C. § 1983 action al-
leging retaliation for filing inmate appeals
and related claims. We have jurisdiction
under 28 U.S.C. § 1291. We review de
novo. *Barren v. Harrington,* 152 F.3d
1193, 1194 (9th Cir.1998) (order). We af-
firm in part, reverse in part, and remand.

The district court erred in dismissing
the retaliation claim because Brown identi-
fied retaliatory acts that affected only the
conditions of his confinement, *see Ramirez
v. Galaza,* 334 F.3d 850, 856 & n. 5 (9th
Cir.2003) (explaining that a § 1983 action
is the proper remedy for a state prisoner's
challenge to the conditions of his confine-
ment), as well as complaining about the
revocation of his good-time and work-time
credits, which cannot be the basis of a
§ 1983 claim. *See Edwards v. Balisok,*
520 U.S. 641, 646–48, 117 S.Ct. 1584, 137
L.Ed.2d 906 (1997) (barring a § 1983 claim
that would, if successful, "necessarily im-
ply the invalidity of the deprivation of [a
prisoner's] good-time credits"). Therefore
we reverse the dismissal of the retaliation
claim, and remand for further proceedings
consistent with this disposition.

We affirm the district court's dismissal
of all claims other than retaliation. *See
Smith v. Marsh,* 194 F.3d 1045, 1052 (9th
Cir.1999) ("[A]rguments not raised by a
party in its opening brief are deemed
waived.").

Brown shall bear his own costs on ap-
peal.

**AFFIRMED in part, REVERSED in
part, and REMANDED.**

---

* The panel unanimously concludes this case is
  suitable for decision without oral argument.
  *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
  cation and is not precedent except as provid-
  ed by 9th Cir. R. 36–3.